## 10552

### STATE v. FEREBEE.

#### (105 S. E. 345.)

1. INTOXICATING LIQUORS—EVIDENCE HELD SUFFICIENT TO SUSTAIN CONVICTION FOR SELLING INTOXICATING LIQUOR.—In prosecution for selling intoxicating liquor, evidence held to sustain conviction.

2. WITNESSES—EVIDENCE THAT STATE'S WITNESS WAS PAID FOR CONVICTIONS AND MADE CONTRADICTORY STATEMENTS COMPETENT.—In prosecution for selling intoxicating liquors, evidence that State's witness was to be paid for convictions and had made contradictory statements was competent to discredit the testimony of the witness.

3. CRIMINAL LAW—CREDIBILITY OF WITNESSES FOR JURY.—In prosecution for selling intoxicating liquor, the effect of testimony that State's witness was to be paid for convictions and had made contradictory statements *held* for jury.

4. CRIMINAL LAW—PERMITTING WITNESS TO STATE THAT HOPE OF REWARD FOR CONVICTION DID NOT INFLUENCE HIS TESTIMONY HARMLESS.—In prosecution for selling intoxicating liquors, action of Court in permitting State's witness to state that the hope of reward for the conviction of the defendant did not influence his testimony *held* harmless, since there was but one answer that could have been expected.

5. INTOXICATING LIQUORS—PRODUCTION OF LIQUOR NOT NECESSARY TO PROVE CORPUS DELICTI.—In prosecution for selling intoxicating liquor, production of the liquor was not necessary to proof of the *corpus delicti,* the unlawful sale, and not the liquor, being the *corpus delicti.*

Before PEURIFOY, J., Jasper, July, 1919. Affirmed.

Charles Ferebee indicted for selling intoxicating liquor and on conviction, appeals.

*Mr. Thomas E. Miller,* for appellant, cites: *Witness may be discredited by showing inconsistence in testimony at this and at former trial:* 40 Cyc. 2708; 34 S. C. 16. *Conviction supported only by testimony of accomplice may be set aside:* 16 Corp. Juris 714; 11 S. C. 275. *All present aiding or abetting are principals:* 79 S. C. 73. *Corpus delicti must be shown:* 57 S. E. 956 (Ga.). *Jury should be cautioned as to testimony of an accomplice, uncorroborated:* 16 Corp. Juris 697; 29 S. C. 613; 34 S. C. L. 508. *Insufficient corroboration:* 16 Corp. Juris 703. *Judge should guard against remarks· or questions which may influence jury on facts:* 63 S. C. 379; 81 S. C. 374; 84 S. C. 526; 87 S. C. 407. *Self-serving declarations:* Mill. 162; 16 Cyc. 1202.

*Mr. George Warren,* Solicitor, for respondent. Oral argument.

December 20, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant was indicted for selling intoxicating liquor. This is the second trial. The State's witness, S. W. Sauls, testified as follows:

"Resident Jasper county; lived there on 17th June, 1917; knows defendant; went to his house on said date and tried to buy some whiskey; said he didn't have any, and went off and sent George Manigault, another negro, and he bought whiskey; rye; pine; silver money; forget how much; tasted whiskey; saw it bought; standing behind some bushes and saw through them; saw Manigault hand Ferebee some money; Manigault brought whiskey to me;· sampled it; would make me drunk."

On cross-examination: "Was a witness in this case before;·does not remember how much money he gave Mani-

gault; does not answer question; says swore before he got paid for convictions; don't remember saying how much was to get; won't swear didn't say got $12.50; swore worked up ten cases; all negroes; doesn't remember saying had no definite employment; won't deny anything; drinks when feels like it; says doesn't remember what he swore to; doesn't remember how much received for ten cases; gets paid in addition witness fees in Court; doesn't know how much money collected from county as witness; 25 days would cover time he worked as witness; doesn't remember whether he said got dollar and half a day."

On redirect examination: "Says over objection of defendant that fact that he got paid for working up these cases would not have any weight in testifying as a citizen of county and man."

On recross-examination: "Says would not have worked up cases but for money in them; hired to do it; knew was going to be paid for it."

There are several exceptions, but they need not be considered in order.

1. The first question to be considered is the failure of the presiding Judge to grant a new trial, on the ground that there was not sufficient evidence to support a conviction. This exception cannot be sustained. There is direct, 1-3  positive evidence that the defendant sold the liquor. Evidence that the witness was to be paid for convictions and made contradictory statements was competent to discredit the testimony of the witness. The evidence was introduced without objection. The effect of the evidence when admitted was a question for the jury, subject to the wise discretion of the presiding Judge to grant a new trial. We see no abuse of discretion in refusing of a new trial.

2. The appellant complains that the witness was allowed to say that the hope of reward for the conviction of the defendant did not influence his testimony. If error, this was harmless, in that there was but one answer that could have been expected. This exception cannot be sustained.

3. The next exception is that his Honor, the presiding Judge, refused to charge the jury that the fact that the witnesses were to receive a reward for conviction was sufficient to create a reasonable doubt as to the guilt of the accused and a sufficient doubt to require a verdict of not guilty. His Honor refused to so charge, and in this he was correct. The effect of the evidence was a question for the jury. This exception cannot be sustained.

4. The appellant complains that the *corpus delicti* was not proved, in that the liquor was not produced at the second trial. The liquor was not the *corpus delicti*. An unlawful sale was the *corpus delicti*, and there was abundant evidence of the sale. The weight of the evidence was for the jury. This exception is overruled.

The judgment is affirmed.

Messrs. Justices Hydrick and Watts concur.

Mr. Chief Justice Gary and Mr. Justice Gage absent on account of sickness.